Filed 7/29/16  Perez v. Kenai Drilling CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JOSUE PEREZ,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENAI DRILLING LIMITED,<br><br>    Defendant and Appellant. | B263458<br><br>(Los Angeles County<br>Super. Ct. No. BC552891) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jane L. Johnson, Judge.  Affirmed.

Musick, Peeler & Garrett, Philip Ewen, Charles N. Hargraves for Defendant and Appellant.

Law Offices of Kenneth H. Yoon, Kenneth H. Yoon, Stephanie E. Yasuda; Justice Law Corporation, Douglas Han, Shunt Tatavos-Gharajeh, Marshall Lurtz for Plaintiff and Respondent.

_____

Josue Perez signed a pre-employment agreement with Kenai Drilling Limited (Kenai) that (1) contained an optional yet binding arbitration clause, (2) provided the arbitrator had no power to consider a representative or group action, and (3) provided a 30-day opt-out period. Perez terminated his employment after 12 days, before expiration of the opt-out period. He then filed a representative action under the Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698, et seq.), asserting various Labor Code violations. Kenai petitioned the trial court to compel arbitration, arguing Perez's claims were subject to individual arbitration. The trial court denied the petition on the ground that as a matter of public policy, an employee's right to bring a PAGA action cannot be waived, and therefore the arbitration agreement was unenforceable. We agree, and therefore affirm.

## BACKGROUND

Perez worked as a motorman for Kenai from April 8 to April 19, 2014. On April 8, Perez completed a new-hire orientation process, during which he was given an arbitration agreement that provided "any controversy, dispute or claim arising out of or relating to [his] employment with [Kenai], including the termination of employment," would be subject to binding arbitration. The agreement prohibited representative or group claims by providing that the arbitrator had no authority to "consolidate the claims of different Employees, entertain class actions or representative actions of any kind, or permit joinder." The agreement gave Perez until May 8, 2014, to opt out, and provided that his failure to opt out by that date would "be deemed acceptance of" the agreement.

Also on April 8, 2014, Perez signed an acknowledgment form in which he certified that "a member of Kenai's management team explained the terms of Kenai's binding arbitration program, its effective date, and the opt-out procedures," he "was able to ask any questions that [he] had related to Kenai's binding arbitration program, its effective date, and the opt-out procedures," and he understood Kenai's binding arbitration program was optional. By signing the acknowledgment form Perez also certified he understood that his "failure to follow the appropriate Opt-Out procedures outlined by

2

Kenai in its Binding Arbitration Agreement [would] constitute [his] acceptance of the terms of Kenai's Binding Arbitration Agreement."

On April 19, 2014, Perez quit his job and subsequently failed to opt out of the arbitration agreement.[1]  On June 5, 2014, he provided written notice to the California Labor & Workforce Development Agency that Kenai had violated various Labor Code provisions.  After receiving no response, on August 4, 2014, Perez brought this representative PAGA action, alleging Kenai failed to provide meal and rest breaks, pay all wages, or reimburse him for work-related expenses.

Kenai petitioned the trial court to compel arbitration of Perez's claims on an individual basis pursuant to the Federal Arbitration Act, title 9 United States Code section 1, et seq. (FAA), arguing Perez agreed to arbitrate all employment-related claims on an individual basis.  Therefore, Kenai argued Perez effectively waived his right to bring any kind of representative action.  In opposition to the petition, Perez conceded an arbitration agreement existed but argued its anti-PAGA waiver cannot be enforced.

Without expressly determining whether an arbitration agreement exists, the trial court noted the California Supreme Court in *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*) held that "PAGA claims are not subject to arbitration."  The trial court therefore denied Kenai's petition.

Kenai timely appealed.

## DISCUSSION

On appeal, Kenai primarily contends the anti-waiver rule set forth in *Iskanian* is pre-empted by the FAA.  In the alternative, Kenai argues *Iskanian* does not apply to a voluntary, post-employment (and, in this case, post-dispute) PAGA waiver.

"A written agreement to submit to arbitration an existing controversy or a controversy thereafter arising is valid, enforceable and irrevocable, save upon such

---

[1] As the parties do not dispute that an arbitration exists, we need not address whether Perez's post-employment silence constituted acceptance of the agreement.  (See *McAulay v. Jones* (1952) 110 Cal.App.2d 302, 306-307 [silence will be regarded as acceptance only where the relationship between the parties is such as to impart a duty on the part of the offeree to reply or the offeror is justified in expecting a reply].)

3

grounds as exist for the revocation of any contract." (Code Civ. Proc., § 1281.) Code of Civil Procedure section 1281.2, governing petitions to compel arbitration, provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner; or [¶] (b) Grounds exist for the revocation of the agreement." "The determination of arbitrability is a legal question subject to de novo review. [Citation.] We will uphold the trial court's resolution of disputed facts if supported by substantial evidence. [Citation.] Where, however, there is no disputed extrinsic evidence considered by the trial court, we will review its arbitrability decision de novo." (*Nyulassy v. Lockheed Martin Corp.* (2004) 120 Cal.App.4th 1267, 1277.)

"Anyone may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." (Civ. Code, § 3513; *Iskanian*, *supra*, 59 Cal.4th at pp. 382-383.) An employee's right to bring a PAGA action cannot be waived, and an arbitration agreement that effectively requires such a waiver is unenforceable as a matter of public policy. (*Iskanian*, at p. 383.)

Here, Perez entered into an arbitration agreement that prohibited representative or group actions, thus effectively requiring him to waive his right to bring a PAGA action. The waiver is unenforceable under *Iskanian*. The trial court was therefore correct to deny Kenai's petition.

Kenai contends *Iskanian's* rule precluding waiver of enforcement rights under the PAGA improperly interferes with enforcement of the FAA under the United States Supreme Court's holding in *AT&T Mobility LLC v. Concepcion* (2011) 563 U.S. 333, and is therefore pre-empted by the FAA. The argument is without merit. As *Iskanian* itself held, its rule against PAGA waivers "does not frustrate the FAA's objectives because, . . . the FAA aims to ensure an efficient forum for the resolution of *private* disputes, whereas a PAGA action is a dispute between an employer and the state Agency." (*Iskanian*,

4

*supra*, 59 Cal.4th at p. 384.) A PAGA action thus lies outside the scope of the FAA. (*Id.* at p. 386; see *Franco v. Arakelian Enterprises, Inc.* (2015) 234 Cal.App.4th 947, 964 ["We therefore hold, as the *Iskanian* decision requires, that the FAA does not preempt California's state law rule precluding predispute waivers of enforcement rights under the PAGA"]; *Sakkab v. Luxottica Retail North America, Inc.* (9th Cir. 2015) 803 F.3d 425, 427 ["the *Iskanian* rule does not stand as an obstacle to the accomplishment of the FAA's objectives, and is not preempted"].) Kenai expressly urges us to disregard *Iskanian*, but of course we cannot do so, as decisions of the California Supreme Court are binding on all lower courts. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)[2]

Kenai alternatively argues *Iskanian's* rule precluding waiver of enforcement rights under the PAGA applies only to a pre-employment, pre-dispute waiver, not, as here, to a post-employment and post-dispute waiver. Kenai argues the parties here "entered" into the arbitration agreement on May 8, 2014, when Perez failed to opt out of it, by which time his employment had terminated and his employment disputes had accrued. Therefore, Kenai argues the waiver was made after the dispute had arisen, and was therefore voluntary and informed.

The argument is without merit.

"*Iskanian's* underlying public policy rationale—that a PAGA waiver circumvents the Legislature's intent to empower employees to enforce the Labor Code as agency representatives and harms the state's interest in enforcing the Labor Code—does not turn on how the employer and employee entered into the agreement, or the mandatory or voluntary nature of the employee's initial consent to the agreement. A PAGA claim provides a remedy inuring to the state and the public, and the law, as *Iskanian* explains, broadly precludes private agreements to waive such public rights." (*Securitas Security Services USA, Inc. v. Superior Court* (2015) 234 Cal.App.4th 1109, 1122.) Waiver of

---

[2] Concurrent with his opposition, respondent moves to dismiss the appeal on the ground it is frivolous because the sole argument Kenai offers on appeal is that we should ignore controlling Supreme Court precedent. However, because Kenai makes a second, nonfrivolous argument (see *post*), the motion is denied.

5

such public rights must therefore be voluntary, well-informed, and made with "sufficient awareness of the relevant circumstances and likely consequences." (*Id*. at p. 1122, italics omitted.) True, *Iskanian* suggested a valid PAGA waiver "may occur where an employer and an employee knowingly and voluntarily enter into an arbitration agreement '*after a dispute has arisen*.' (*Iskanian*, *supra*, 59 Cal.4th at p. 383, italics added.)" (*Ibid.*) "In those cases, employees are free to determine what trade-offs between arbitral efficiency and formal procedural protections best safeguard their statutory rights. Absent such freely negotiated agreements, it is for the courts to ensure that the arbitration forum imposed on an employee is sufficient to vindicate his or her rights . . . ." (*Armendariz v. Foundation Health Psychcare Services, Inc*. (2000) 24 Cal.4th 83, 103, fn. 8.) But in the absence of such a freely negotiated agreement, the court must ensure public rights are protected.

Here, the arbitration made no mention specifically of the PAGA, and no evidence suggests it was mentioned during Perez's training session. Assuming Perez's silence on May 8, 2014, constituted acceptance of the agreement, that silence, without more, does nothing to suggest the PAGA waiver was made with sufficient awareness of the relevant circumstances and likely consequences.

## DISPOSITION

The order denying Kenai's motion to compel arbitration is affirmed. Perez is to recover his costs on appeal.

NOT TO BE PUBLISHED.


                                          CHANEY, Acting P. J.

WE CONCUR:


          JOHNSON, J.



          LUI, J.


6